Mary Dzierzawski v. Commissioner.
Dzierzawski v. Commissioner
Docket No. 2267-65.
United States Tax Court
T.C. Memo 1966-154; 1966 Tax Ct. Memo LEXIS 131; 25 T.C.M. (CCH) 820; T.C.M. (RIA) 66154; June 29, 1966
Mary Dzierzawski, pro se., 19421 Syracuse St., Detroit, Mich. Charles S. Stroad, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: This case involves a deficiency [1] in petitioner's Federal income tax for the calendar year 1963 arising out of her alleged failure to substantiate fully deductions taken for charitable contributions, sales taxes, medical expenses, and clothing required to be purchased *132 for petitioner's job. At the trial, petitioner conceded that she had almost no documentary evidence directly applicable to the calendar year 1963 but she did have more evidence - albeit meager - relating to her expenditures in the contested areas in subsequent years. From this and through questioning of petitioner by the Court, we were able during the course of the trial to make specific findings as to the various deductions involved. This memorandum opinion confirms such findings and has been prepared and filed in accordance with the requirements of section 7459. Petitioner is a resident of Detroit, Michigan. She filed her Federal income tax return for the calendar year 1963 with the district director of internal revenue in *133 Detroit. Her return shows adjusted gross income of $2,816.41, consisting of $2,718.29 of wages, on which $256.10 was withheld, and $98.12 of interest. Her itemized deductions aggregated $1,497.65 on her return but she made a mathematical error of $25 in addition so that in fact the claimed deductions aggregated $1,472.65. In addition, petitioner deducted on page one of her return $256.10 withheld on her wages and $98.59 FICA tax, neither of which deductions is authorized by any provision of law and consequently they were correctly disallowed by respondent. The itemized deductions, which it is asserted petitioner has not fully substantiated, were claimed and allowed [2] in part by respondent as follows: Dis-
Item
Claimed
Allowed
allowed
Charitable contributions
$250.00
$152.00
$ 98.00
Sales tax
250.00
97.00
153.00
Medical expenses
309.80
114.75
185.15
Clothing, etc., for job
250.00
100.00
150.00
With respect *134 to the charitable contributions, we are satisfied that, in addition to the $152 allowed by respondent, petitioner made further contributions averaging $1 per week. We have accordingly allowed petitioner an additional $52, resulting in a net disallowance of $46. With respect to the sales taxes, the Court was informed by respondent's counsel at the trial that the applicable sales tax rate was 4 percent and that it attached to a very broad range of items including food and clothing. To produce an expenditure of $250, petitioner would have had to spend $6,250 on taxable items during the year. Her gross income as reported on her return was $2,816.41. Even assuming that she spent a certain amount out of her other cash resources, we are not persuaded that she spent an additional $3,400 in this form. However, from petitioner's testimony as to her general level of expenditures, we have concluded that petitioner is entitled to an additional deduction of $43 beyond that allowed by respondent. The resulting net disallowance $110is. With respect to the medical expenses, the petitioner is not entitled to deduct $28.16 of the expenses for drugs and $84.49 for doctors' bills and related expenses, *135 or a total of $112.65, because of the 1 percent and 3 percent of gross income limitations contained in section 213. The remaining $72.50 of the $185.15 disallowed by respondent consisted of $27.50 alleged doctors' bills and $45 alleged transportation expenses. With respect to the $27.50 item, the only additional evidence was that petitioner spent $18.53 for a special pair of shoes, medically prescribed, and we have allowed that amount as a additional deduction. With respect to the $45 item, we are satisfied that petitioner incurred an additional $20 in taxicab and car fare to and from doctors' offices and hospitals beyond that allowed by respondent; accordingly, we have increased petitioner's deduction by that amount. Consequently, aside from the limitations imposed by law, petitioner has been allowed all of the medical expenses which she claimed on her return with the exception of $33.97, consisting of $8.97 unsubstantiated medical bills and $25 unsubstantiated transportation expenses. With respect to the item of $250 for special clothing in connection with petitioner's job, respondent allowed $100. Of the remaining $150 disallowed, we are satisfied that petitioner expended $50 *136 for the permitted purpose and consequently her deduction should be increased by that amount. To recapitulate, petitioner's deductions are as follows: Charitable contributions
$ 204.00
Interest
112.20
Taxes: Real estate
$233.27
Sales taxes
140.00
City tax
15.38
388.65
Medical expenses [3]
163.18
Miscellaneous expenses: Union dues
$ 52.00
Uniforms, etc.
150.00
202.00
Total
$1,070.03
This case typifies a situation with which this Court is all too frequently faced, namely, where respondent during the audit and pretrial process perhaps overemphasizes the necessity for documentation and the taxpayer adamantly insists on the full amount of claimed deductions despite his or her inability to produce minimal substantiation. The inevitable waste of time, effort, and money is appalling. In such situations, the Court can do no more than make an estimate of what seems reasonable under the circumstances. It has followed this path herein and has, if anything, favored the petitioner. *137 In order to reflect the adjustments found and to determine the amount of additional refund to which petitioner appears to be entitled, Decision will be entered under Rule 50. Footnotes
1. The petitioner's return showed no tax due and withholding of tax on wages in the amount of $256.10, which amount was claimed as a refund. Subsequently, it appears that petitioner received a refund of $110.12. The credit for tax withheld on wages is not taken into account in determining whether there is a deficiency as defined in section 6211 and therefore whether this Court has jurisdiction. All references are to the Internal Revenue Code of 1954.↩
2. Respondent has conceded deductions of $112.20 for interest, $233.27 for real estate taxes, $15.38 for city tax, and $52.00 union dues and also no longer disputes petitioner's right to an exemption of $600 for her son Robert.↩
3. Claimed on return, $309.80; disallowed because of 1 percent and 3 percent limitations, $112.65; potentially available, $197.15; disallowed, $33.97; allowed, $163.18.↩